■ ADELIN CONWAY, Respondent, v. HARRY CONWAY, Appellant.— Judgment of the Supreme Court, Westchester County, dated February 13, 1968 and entered after a nonjury trial, modified, on the facts, by reducing the award of a counsel fee from $3,500 to $2,000. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, the award for a counsel fee was excessive to the extent indicated. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ VILMA ESPOSITO, Respondent, v. GENNARO ESPOSITO, Appellant.— Appeal from two orders of the Supreme Court, Queens County, one dated November 20, 1967, which granted plaintiff's motion to adjudge defendant in contempt of court for failure to pay temporary alimony, and one dated February 15, 1968, which denied defendant's motion for reargument. Appeal from order of February 15, 1968 dismissed, with costs. No appeal lies from an order denying reargument. Order of November 20, 1967, reversed, on the law and the facts, without costs, and plaintiff's motion remitted to Special Term for a hearing as to defendant's financial circumstances. In our opinion, the circumstances warrant a determination on oral proof rather than on conflicting affidavits (*Abbey* v. *Abbey*, 7 A D 2d 910; *Larotondo* v. *Larotondo*, 285 App. Div. 899). Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.

■ EVELYN FITZGERALD, an Infant, by Her Father and Natural Guardian, MATTHEW FITZGERALD, et al., Respondents, v. B. GERTZ, INC., Appellant.— Judgment of the Supreme Court, Queens County, entered October 26, 1967, reversed, on the law and the facts, and new trial granted, with costs to abide the event. In our opinion the verdict, predicated on a finding of negligence due to an excessive violent jerking motion of an escalator, is against the weight of the evidence. Further, the trial court erred in not permitting defense counsel to question a witness for plaintiffs concerning the effect of the alleged irregular movement on other persons who were on the escalator. Finally, the testimony of plaintiffs' expert witness, called in rebuttal, was not supported by sufficient facts in the record upon which liability could be predicated. Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.